**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 19-20853-CV-MIDDLEBROOKS/WHITE

KATEENA RENA NORMAN,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

THIS CAUSE comes before the Court on Magistrate Judge Lisette M. Reid's Report and Recommendation (DE 4) ("Report"), recommending denial of Movant Kateena Rena Norman's *pro se* motion to vacate pursuant to 28 U.S.C. §2255 ("Petition") (DE 1). Movant filed Objections to the Report, which were entered on the docket on June 25, 2019. (DE 5).

Movant was charged with and found guilty by a jury of three counts of access device fraud, in violation of 18 U.S.C. § 1029(a)(2), and six counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Her conviction was affirmed in an unpublished opinion by the Eleventh Circuit on January 27, 2016. *See United States v. Norman*, 638 Fed. Appx. 934 (11th Cir. 2016). She did not petition for certiorari to the United States Supreme Court, and her conviction thus became final on April 26, 2016. On March 5, 2019, she filed the instant Petition. (DE 1).

Pursuant to 28 U.S.C. § 2255(f), a one-year statute of limitations applies to motions made under § 2255. Plaintiff did not file this Petition until over two years after her conviction became final. Plaintiff argues that the statute of limitations should be equitably tolled because she was in state custody, where she did not have access to a law library or her legal documents, from October 14, 2015 to April 12, 2018. Eleventh Circuit precedent, however, has held that an inmate's transfer

2

to another facility and denial of access to legal materials do not justify equitable tolling of the limitations period. *See Paulcin v. McDonough*, 259 Fed. Appx. 211 (11th Cir. 2007) (per curiam); *Dodd v. United States*, 365 F.3d 1273 (11th Cir. 2004).

This Court has conducted a *de novo* review of the Report and the record as a whole. In this review, I have carefully considered Movant's Objections. Upon review, I agree with Magistrate Judge Reid's conclusions, and find that the reasoning in the Report is accurate and thorough.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Magistrate Judge Reid's Report and Recommendation (DE 4) is hereby **RATIFIED, ADOPTED, AND APPROVED** in its entirety.

(2) Plaintiff's Petition (DE 1) is **DISMISSED** as time-barred.

(3) Final judgment is entered in favor of respondent.

(4) A Certificate of Appealability is **DENIED**.

(5) The Clerk of the Court is directed to **CLOSE THIS CASE.**

3

(6) All pending motions are **DENIED AS MOOT**.

**SIGNED** in Chambers in West Palm Beach, Florida, this 28th day of June, 2019.

Donald M. Middlebrooks
United States District Judge

Copies to:   Counsel of Record;
Kateena Rena Norman, *pro se*
05535-104
Tallahassee
Federal Correctional Institution
Inmate Mail/Parcels
501 Capital Circle NE
Tallahassee, FL 32301